IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
5:25-cv-00326-BO

KIM ALICIA HARRISON,            )
                                )
          Plaintiff,            )
                                )
v.                              )        O R D E R
                                )
HOFFMAN & ASSOCIATES, INC.      )
                                )
          Defendant.            )

Before the Court is a motion to dismiss [DE 10] filed by Hoffman & Associates, Inc. (hereinafter the defendant). The defendant moves to dismiss the complaint and demand for a jury trial [DE 1] filed by Kim Alicia Harrison (hereinafter the plaintiff). For the reasons set forth below, the Motion is GRANTED, and the complaint is DISMISSED due to insufficient service of process.

## I. BACKGROUND

On June 13, 2025, the plaintiff, appearing *pro se*, filed a complaint and demand for a jury trial [DE 1, pp. 1, 4] against the defendant in this Court. The complaint asserts claims arising out of the plaintiff's alleged employment with the defendant. The complaint includes claims for sex discrimination, retaliation, disability discrimination, age discrimination, hostile work environment, and related state-law claims. *Id.* at 3.

On June 13, 2025, Plaintiff filed an application to proceed in forma pauperis [DE 2]; [DE 2-1]. On August 28, 2025, this Court granted plaintiff's application and directed the Clerk of Court to issue the summons prepared by plaintiff and ordered the United States Marshal to serve the summons and a copy of the complaint on defendant. [DE 6, p. 3]. The summons issued on August 28, 2025 [DE 7] listing the defendant as "Hoffman & Associates Inc" and listing the defendant's address as "760 Maine Avenue SW, Washington, DC 20024." *Id.*

On October 7, 2025, a process receipt and return form and related papers were filed with the Court, indicating that on September 8, 2025, the complaint and summons were delivered via USPS to an individual in Washington, D.C. [DE 8] The tracking form stated that the parcel was "Delivered, Left with Individual." *Id.* However, it did not identify the recipient, the recipient's title, or their authority to accept service on behalf of the defendant. The certified mail receipt form was not completed, and the plaintiff did not provide evidence showing a completed certified mail return receipt. *Id.*

"Defendant Hoffman & Associates, Inc. is a corporation headquartered in Washington, D.C., that conducts business in North Carolina." [DE 1, p. 1]. Currently, the plaintiff has not served an officer, director, managing agent, or other authorized agent of the defendant, as required by the Federal Rules of Civil Procedure and North Carolina law. Nonetheless, the plaintiff merely directed the summons and complaint to defendant's corporate name and business address. [DE 7, p. 1].

## II. STANDARD

Rule 12(b)(4) authorizes dismissal for insufficient process, or a deficiency in the content of the documents that have been served. Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for either insufficient process or insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service

2

on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

A corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(B). A corporation may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(1)(A).

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C.G.S. § 1A-1, 4(j).

### III. DISCUSSION

In this case, the plaintiff failed to effect proper service of process on the defendant. Because the plaintiff addressed the summons to the corporation and not the corporation's officer, director, or authorized agent, she did not effectuate service of process as required by Rule 4. *See, e.g., Wilson v. PNC Bank, N.A.*, No. 1:19CV472, 2020 WL 1144711, at *4 (M.D.N.C. Mar. 9, 2020)

3

(finding plaintiffs' service was defective on its face because they failed to direct service to defendant corporation's registered agent).

Here, the plaintiff did not show that the summons and complaint were delivered to an authorized agent of the defendant. The tracking information stated that the parcel was "Delivered, Left with Individual," without identifying the recipient or establishing that the recipient was authorized to accept service on the defendant's behalf. [DE 8-1]. The plaintiff therefore failed to satisfy the requirements under North Carolina Rule 4(j).

Because service of process was invalid, this Court does not have personal jurisdiction over the defendant. *Koehler*, 152 F.3d at 306–07. Therefore, dismissal is necessary under Fed. R. Civ. P. 12(b)(5). This Court recognizes that the plaintiff is proceeding *pro se*, and that *pro se* litigants are normally given more deference regarding service of process. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). However, the Supreme Court is clear: procedural rules in ordinary civil litigation are still paramount, and mistakes should not be excused because a litigant is *pro se*. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED WITHOUT PREJUDICE for insufficient service of process under FRCP 12(b)(5).

SO ORDERED, this **13** day of July, 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4